# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MCCLUSKY,<br><br>Plaintiff,<br><br>vs.<br><br>GOLDMAN SACHS BANK USA; SOFI LENDING CORP.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,<br><br>Defendants. | Case No. 22cv1547-LL (MSB)<br><br>**STIPULATED PROTECTIVE ORDER** |

The Court recognizes that at least some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this stipulation ("Stipulated Protective Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Stipulated Protective Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

<u>All Discovery Materials to Be Limited to Use in the Present Action</u>

1. Except to the extent expressly authorized in this Stipulated Protective Order, all discovery materials and documents produced in the above-captioned lawsuit (including without limitation all confidential information as defined in paragraph 2) shall not be used or disclosed for any purpose other than purposes relating to the above-captioned lawsuit and/or any appeal therefrom.

DEFINITIONS

2. The term "Confidential Information" will mean and include information contained or disclosed in any Materials that is deemed to be confidential information by any party to which it belongs pursuant to the terms of this Stipulated Protective Order.

3. The term "Material(s)" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which

information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects; answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, exhibits and transcripts of trial testimony and depositions, including data, summaries (complete or partial), and compilations derived therefrom; any pleading, affidavit, declaration, brief, motion, transcript or other writing.

4.  The term "Counsel" will mean counsel of record for the parties and personnel employed by the law firms of counsel of record (including attorneys, legal, paralegal, clerical and secretarial staff employed by those law firms) and other legal counsel employed by different law firms retained by counsel of record or by a party hereto in connection with this lawsuit, so long as said other counsel have entered an appearance as counsel of record, as well as in-house attorneys for each defendant.

## GENERAL RULES

5.  Each party to this litigation that produces or discloses any Materials that the producing party believes contains Confidential Information and should be subject to this Stipulated Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

6.  Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

7.  Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited

to trade secret or other confidential research, development, financial or other commercial information.

8. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Stipulated Protective Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

9. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Stipulated Protective Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to

paragraph 12 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Stipulated Protective Order, and protected from being opened except by order of this Court.

10. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Stipulated Protective Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

11. Confidential Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 4) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form entitled Acknowledgment and Agreement re: Stipulated Protective Order ("Acknowledgment and Agreement"), attached hereto as **Exhibit A**, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of

the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

12. Confidential Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in paragraph 4) of the receiving party, by independent experts, by court personnel, and by the additional individuals listed below, provided each such individual has read this Stipulated Protective Order in advance of disclosure and has agreed in writing to be bound by its terms by executing the Acknowledgment and Agreement:

    a.    the jury (the parties acknowledge that additional procedures and/or safeguards may be required to protect the confidentiality of this material before it is presented to a jury at trial and they agree to address that issue with the court at the appropriate time);

    b.    Executives of the corporate parties receiving Confidential Information who are required to participate in policy decisions with reference to this action;

    c.    The parties' experts and/or consultants (together with their associates, consultants and clerical and secretarial staff) who are assisting in the hearing preparation and/or hearing for this lawsuit;

    d.    Any actual or potential witness at a deposition or at trial, including, but not limited to, former officers, agents or employees of any party, provided there is a reasonable basis to believe the witness/deponent will provide information that is reasonably calculated to lead to discoverable information regarding the confidential information;

  e. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

  f. Stenographic and clerical employees associated with the individuals identified above;

  g. Any other person as to whom the designating party has consented to disclosure in advance and in writing, on notice to each party hereto;

  h. Any mediator (or equivalent neutral) and their staff;

  i. Clerical or ministerial service providers, including outside copying services retained by a party's Counsel to assist such counsel in connection with this action;

  j. The party's accountants, auditors and financial advisors who regularly access this information in order to perform their duties; and

  k. Any person (other than those identified above) who is indicated as an author or recipient of the confidential information.

13. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

14. A party disclosing any Confidential Information to any of the persons referred to in Paragraph 12 shall maintain any and all Acknowledgment and Agreements.

15. The parties hereto agree that, if necessary, an injunction may be issued to prevent violations of this Stipulated Protective Order. The agreement to injunctive relief does not preclude a party from also obtaining damages that reasonably arise from a breach of this Stipulated Protective Order.

16. A party desiring to disclose Confidential Information to any of the persons referred to in paragraph 12 shall, prior to disclosure of the Confidential Information, advise such person of the "CONFIDENTIAL" designation and the existence and terms of this Stipulated Protective Order. In addition, for each person identified in Paragraph 12, a party shall before disclosing Confidential Information to such person(s), provide to each person a copy of this Stipulated Protective Order and require such person(s) to sign an Acknowledgment and Agreement form, and provide the signed Acknowledgment and Agreement to the designating party within five (5) days of execution.

17. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of Counsel for the receiving party identified in paragraph 4, except that independent experts authorized to view such information under the terms of this Stipulated Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

18. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

19. No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material.

20. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative

Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, a party must file a redacted version of any document that it seeks to file under seal. The document must be titled to show that it corresponds to an item filed under seal, e.g., 'Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment.' The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

21.  At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to Materials and the grounds for the objection within seven (7) days of receiving the objected-to Materials. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

22.  All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Stipulated Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further

disclosure by the party and by the person(s) receiving the unauthorized disclosure.

23. No party will be responsible to another party for disclosure of Confidential Information under this Stipulated Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Stipulated Protective Order.

24. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Stipulated Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Stipulated Protective Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party within three (3) business days of the discovery of the inadvertent failure in accordance with the terms of paragraph 26. If the receiving party has disclosed the materials before receiving the notice, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY".

25. Nothing within this Stipulated Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

26. The parties agree that the terms of this Stipulated Protective Order shall not be interpreted to constitute a waiver of: (a) any objection to any discovery, including written discovery and/or deposition(s); or (b) any right to compel any discovery, including written discovery and/or deposition(s). In the event any Material is produced and the producing party later claims the Material is protected by the attorney-client privilege, work product doctrine, or another

privilege or immunity, the producing party shall, within three (3) business days of discovery of the production of such privileged or protected information, provide written notice to all receiving parties. Upon receipt of such notice, a receiving party shall, within ten (10) business days, with respect to the privileged portions of the Materials at issue, either submit a written challenge to the assertion of privilege or protection, which must include the legal grounds to support the challenge, to the producing party or return the original Material to the producing party and destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote privileged portions of the Material at issue and delete any copy of the privileged portions of the Material at issue from any word processing or data base tape or disk it maintains. Receiving parties may use information designated as privileged or protected for the purposes of any motion challenging the designation of privilege or protection.

27. Production of privileged, work-product protected, or otherwise immune documents in the course of discovery in this case shall not constitute a waiver or estoppel with respect to any privilege, work-product protection, or immunity, either as to the produced document or as to any other documents or communications.

28. Nothing in this Stipulated Protective Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

29. This Stipulated Protective Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Stipulated Protective Order must not be used by any party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

30. Nothing within this Stipulated Protective Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

31. If a party is served with a subpoena or a court order issued in other litigation or by any governmental entity or officer that compels disclosure of any information or items designated in this lawsuit as Confidential Information that a party has obtained under the terms of this Stipulated Protective Order, such party shall immediately, but no more than seven (7) days after receiving actual notice of the subpoena or order (and at least two (2) business days before any requested compliance), notify the designating party of the pendency of the subpoena, public records request, or order in writing, and shall not produce the Confidential Information if the designating party timely applies for a protective order for such Confidential Information or otherwise takes timely, appropriate steps to protect the Material. It shall be the responsibility of the designating party to obtain relief from the subpoena, public records request or order prior to the due date of compliance. To give the designating party an opportunity to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request or order. Unless otherwise ordered by a court of competent jurisdiction, Materials designated as Confidential Information shall be treated as information that is not subject to disclosure pursuant to the Freedom of Information Act. Nothing in this Stipulated Protective Order requires or is meant to permit a party to disobey a lawful directive from a court.

32. Nothing in this Stipulated Protective Order affects the right of the designating party that produced Confidential Information to use or disclose it in any way.

33. Within sixty (60) days after conclusion of this action and all appeals therefrom, the originals and all copies of all Confidential Information, including

any copies, excerpts, and summaries of that information, subject to this Stipulated Protective Order shall be returned to the designating party or may be disposed of in some other manner that is mutually agreed upon in writing among the applicable parties. The party electing such destruction shall also purge all Confidential Information from all machine-readable media on which it resides. The party electing such destruction shall also send to the designating party an appropriate certification within sixty-five (65) days of the conclusion of this action informing the designating party of the destruction of the Confidential Information. Any Material not destroyed and that contains or constitutes Confidential information remains subject to this Stipulated Protective Order, and reasonable efforts shall be taken to preserve the protections of such Material.

34. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Stipulated Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Stipulated Protective Order with respect to all such retained information.

35. The restrictions and obligations set forth within this Stipulated Protective Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Stipulated Protective Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

36. The restrictions and obligations within this Stipulated Protective Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

37. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Stipulated Protective Order.

38. This Stipulated Protective Order may be modified by agreement of the parties, subject to approval by the Court.

39. The Court may modify the terms and conditions of this Stipulated Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Stipulated Protective Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated: May 23, 2023

_____
Honorable Michael S. Berg
United States Magistrate Judge

# EXHIBIT A:

## Acknowledgment and Agreement re: Stipulated Protective Order

<u>Timothy McClusky v. Goldman Sachs Bank, et al.</u>; Case No. 3:22-CV-01547-LL-MSB, United States District Court for the Southern District of California.

    I, _____, acknowledge that I have read and understand the Stipulated Protective Order in this lawsuit governing the non-disclosure of those portions of materials that have been designated as Confidential. I agree to be bound by the Stipulated Protective Order with respect to any confidential information provided to me under the terms thereof. I further agree that that I will not disclose such confidential information to anyone other than for purposes of this lawsuit and that, at the conclusion of the lawsuit, I will return all information designated as Confidential to the Party or attorney from whom I received it. I understand that, if I fail to comply with the terms of the Stipulated Protective Order, I may be subject to sanctions by the Court and I hereby consent to personal jurisdiction in the above-referenced lawsuit with respect to any matter relating to or arising out of the Stipulated Protective Order.

Dated: _____ Signed: _____